UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ANTONIO ESPINOZA OBESO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK, et al., <br><br> Defendants. | Case No. 23-cv-02793-SVK <br><br> **ORDER ON PLAINTIFFS' MOTION TO REMAND** <br><br> Re: Dkt. Nos. 8, 24, 40 |

Before the Court is Plaintiffs Jesus Antonio Espinoza Obeso, Jesus Antonio Espinoza Rodriguez, Patricia Espinoza Rodriguez, Aide Guadalupe Espinoza Rodriguez and Dania Melina Espinoza Rodriguez's motion to remand this action to state court. Dkt. 8 (the "Motion"). Defendants National Railroad Passenger Corporation ("Amtrak"), Union Pacific Railroad Company ("Union") and Korbin Patrick (collectively, the "Opposing Defendants") oppose the Motion. Dkt. 19 (the "Opposition"). Plaintiffs filed a late reply. Dkt. 26 (the "Reply"). All necessary parties—all five named Plaintiffs and six named Defendants—have consented to the jurisdiction of a magistrate judge.[1] Dkts. 5-6, 9, 12, 20-22. After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the motion to remand. Because the Court remands this action, the pending motions to dismiss (Dkts. 24, 40) are **TERMINATED** as moot.

---

[1] In addition to the six named Defendants, Plaintiffs also sued 30 Doe defendants. *See* Dkt. 1 at Ex. A ¶¶ 12-14. These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

I.  **BACKGROUND**

The following discussion of background facts is based on the allegations contained in Plaintiffs' complaint (Dkt. 1 at Ex. A (the "Complaint")), the truth of which the Court accepts for purposes of resolving the Motion. *See Bastami v. Semiconductor Components Indus., LLC*, No. 17-cv-00407-LHK, 2017 WL 1354148, at *3 n.2 (N.D. Cal. Apr. 13, 2017). On October 15, 2022, as Luz Aide Espinoza ("Decedent") attempted to drive her car through a railroad crossing in Monterey County, California, she was struck by an Amtrak train and died. *See* Complaint ¶¶ 19-20. Plaintiffs, as heirs to Decedent's estate, subsequently commenced an action in the Superior Court of California for the County of Monterey, seeking recovery against six named defendants and 30 Doe defendants for their roles in Decedent's death. *See id.* ¶¶ 1-15; 45-84.

On June 6, 2023, Amtrak removed the state-court action to this court based on federal-question jurisdiction. *See* Dkt. 1 ¶ 3. No other named Defendant joined in or consented to the removal at that time. *See id.* ¶¶ 1-7 (no discussion of whether other named Defendants join in or consent to removal). Plaintiffs then filed the Motion on July 5, 2023, seeking remand of this action to state court. *See* Motion.

II.  **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal district court where the district court would have original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Where a defendant removes an action solely on the basis of the district court's original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). Further, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

III.  **DISCUSSION**

Plaintiffs offer one argument in favor of remand. Specifically, they argue that Amtrak failed to obtain the consent of all properly served Defendants prior to removing this action to

2

federal court, "render[ing] the removal procedurally defective" and mandating remand. *See* Motion at 6-7.

Plaintiffs are correct that remand is warranted where a defendant fails to obtain consent from all properly served defendants prior to removing an action. *See Beltran v. Monterey Cnty.*, No. 08-cv-05194-JW, 2009 WL 585880, at *2 (N.D. Cal. Mar. 6, 2009) ("If the district court discovers that all defendants have not joined or consented to removal, it must remand the case." (citation omitted)); *see, e.g.*, *Naqvi v. US Med. Home, Inc.*, No. 14-cv-00168-WHA, 2014 WL 1338262, at *2 (N.D. Cal. Mar. 31, 2014) ("On the record, the removal was defective because Keselica failed to obtain joinder or consent of all defendants who had been served at the time of removal. Harvard Business Services never joined or consented to the removal. This alone is enough to remand."). The consent of unserved Doe defendants, however, is not necessary. *See, e.g.*, *Gamarra v. ADT, LLC*, No. 20-cv-10407-VAP, 2021 WL 223250, at *3 (C.D. Cal. Jan. 21, 2021) ("Furthermore, removal does not require the consent of the unnamed Doe Defendants. Only 'defendants who have been "properly . . . served in the action" must join a petition for removal.'" (citations omitted)).

The Opposing Defendants counter that, for various reasons, Amtrak's failure to obtain the necessary consents of its co-defendants at the time of removal is excused. As explained below, the Court disagrees.

### A.   Defendant California Did Not Consent To Removal

As the Ninth Circuit has explained,

> [a]ll defendants who have been 'properly . . . served in the action' must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment.

*Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (citations omitted); *see, e.g.*, *Conroy v. Ridge Tool Co.*, No. 20-cv-05882-YGR, 2020 WL 8641963, at *4-5 (N.D. Cal. Nov. 18, 2020) (failure of all defendants to join in notice of removal subsequently cured by defendants' filing of

3

notices of joinder to removal); *Canty v. Providence Health Sys.-S. Cal.*, No. 20-cv-03347-JAK, 2020 WL 5701761, at *2 (C.D. Cal. Sept. 23, 2020) ("In accordance with *Destfino*, 630 F.3d at 956-57, any deficiency in the Notice [of removal] resulting from the failure of the CCBC to consent to the Notice at the time of removal, was cured by the subsequently-filed CCBC Consent.").

In light of this principle, the Opposing Defendants urge the Court to overlook Amtrak's failure to obtain the necessary consents at the time of removal, because some properly served Defendants subsequently consented. *See* Opposition at 13; *see also* Dkts. 10 (consent of Defendant Union), 15 (consent of Defendant City of King ("King")), 17 (consent of Defendant Patrick), 23 (consent of Defendant County of Monterey ("Monterey")).[2] Defendant California, however, has not consented to removal. *See also* Dkt. 24 at 6 ("The State has not consented to suit in federal court."). Thus, a procedural defect in Amtrak's notice of removal remains—while <u>some</u> properly served Defendants have consented to removal, <u>not all</u> have done so. *See, e.g.*, *Naqvi*, 2014 WL 1338262, at *2 ("As for defendant Kulik, she consented to the removal. Her consent, however, is moot because *all* defendants must consent to the removal.").

### B.  The Removal Statute Does Not Permit Removal Of This Action Without The Consent of Defendant California

Having failed to obtain Defendant California's belated consent to removal, the Opposing Defendants insist that no defect infects Amtrak's notice of removal, because "Amtrak was not required to obtain the consent of [Defendant California, as Defendant California] did not have the right to remove the case." Opposition at 4. Relying on Section 1441(c) of the removal statute, they argue that only the claims asserted against Amtrak were subject to removal, and therefore only Amtrak's consent is necessary for removal. *See* Opposition at 4-6; *see also* 28 U.S.C. § 1441(c). This argument fails for two independent reasons.

---

[2]  Because these four Defendants have consented to removal, and Amtrak necessarily consents to removal as the removing party, any quarrel the Opposing Defendants maintain with whether Plaintiffs properly served these Defendants is moot for purposes of the Motion. *See* Opposition at 3 (asserting Plaintiffs did not properly serve Defendants Amtrak or Patrick before Amtrak filed its notice of removal).

***First***, the Opposing Defendants misapply the removal statute. Section 1441(c) provides that, where a state-court action involves (1) claims subject to federal-question jurisdiction and (2) "a claim not within the original <u>or supplemental jurisdiction</u> of the district court . . . [o]nly defendants against whom a claim [subject to federal-question jurisdiction] has been asserted are required to join in or consent to the removal." 28 U.S.C. § 1441(c)(1)-(2) (emphasis added). That section of the removal statute does not apply to this action, because, were Amtrak's removal proper, the Court <u>would exercise supplemental jurisdiction</u> over those claims not subject to federal-question jurisdiction. *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988) ("This section [1441(c)] is not directly applicable to suits involving pendent [*i.e.*, supplemental-jurisdiction] claims . . . ." (citation omitted)).

Plaintiffs assert five state-law claims against properly served Defendants (*see* Complaint ¶¶ 45-84):

- **Claim 1**: Negligence (asserted against Defendants Amtrak, Union and Patrick);
- **Claim 2**: Dangerous condition on public property (asserted against Defendants King, Monterey and California);
- **Claim 3**: Negligent hiring, training, supervision and retention of unfit employees (asserted against Defendant Amtrak);
- **Claim 4**: Failure to exercise mandatory duty (asserted against Defendants King, Monterey and California); and
- **Claim 5**: Wrongful death (asserted against all Defendants).

Each claim asserted against Amtrak (*i.e.*, claims 1, 3 and 5) is subject to the Court's federal-question jurisdiction. *See, e.g.*, *Mangiaracina v. BNSF Ry. Co.*, No. 16-cv-05270-JST, 2017 WL 130250, at *3 (N.D. Cal. Jan. 12, 2017) ("Here, the Court has federal question jurisdiction over all claims against Amtrak based on its special status as a federally-chartered company that is majority-owned by the United States." (citation omitted)); *see also* 28 U.S.C. § 1349.

Because the remaining claims (*i.e.*, claims 2 and 4) "are so related to claims [1, 3 and 5] that they form part of the same case or controversy," the Court would also exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a). Specifically, claims 2 and 4 "derive from a

common nucleus of operative fact [*i.e.*, the accident resulting in Decedent's death] and are such that [Plaintiffs] would ordinarily be expected to try them in one judicial proceeding." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1186 (9th Cir. 2022) (citation omitted); *see, e.g., Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l, LLC*, No. 08-cv-01232-VRW, 2009 WL 10680948, at *3 (N.D. Cal. May 11, 2009) ("Because the third party complaints of Lapmaster and Hartford against the third party defendants WEST and ITG arise out of the same case or controversy as the transportation accident, the court has supplemental jurisdiction over them." (citation omitted)). Thus, Section 1441(c) does not apply and therefore does not relieve Amtrak from obtaining the consent of Defendant California.

To the extent the authorities relied upon by the Opposing Defendants counsel in favor of a different result (*see* Opposition at 4-6), the 2011 amendments to the removal statute have abrogated those decisions. Originally, Section 1441(c) permitted removal of state-court actions involving both removable claims and otherwise non-removable, "separate and independent claim[s]," and afforded district courts discretion to remand those non-removable, separate and independent claims. *See* Act of June 25, 1948, ch. 646, 62 stat. 869, 938 (1948); *see also* Opposition at 5-6 (arguing for application of "'separate and independent claim' exception" to consent requirement). The original Section 1441(c) did not, however, expressly discuss claims subject to supplemental jurisdiction or even mention consent. *See* 62 stat. at 938. That changed in 2011 when Congress amended Section 1441(c) to (1) remove the language concerning "separate and independent" claims, (2) explicitly exclude claims subject to supplemental jurisdiction from its application and (3) clarify that the consent of only those defendants subject to federal-question jurisdiction is required for removal (under the circumstances to which Section 1441(c) applies). *See* Pub. L. No. 112-63, 125 stat. 758, 759 (2011). It is clear, therefore, that to the extent the concept of "separate and independent" claims survives the 2011 amendments, claims subject to the Court's supplemental jurisdiction are not separate and independent from claims subject to the Court's federal-question jurisdiction. *See also Carnegie-Mellon*, 484 U.S. at 354 ("[P]endent [*i.e.*, supplemental-jurisdiction] claims are not 'separate and independent' within the meaning of the removal statute." (citation omitted)).

Notably, every decision cited by the Opposing Defendants predates the 2011 amendments. *See Manis v. N. Am. Rockwell Corp.*, 329 F. Supp. 1077, 1078 (C.D. Cal. Mar. 24, 1971) (discussing "separate and independent non-removable claim"); *Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988) (discussing "separate and independent claims"); *Parisi v. Rochester Cardiothoracic Assocs., P.C.*, No. 91-cv-06387-T, 1992 WL 470521, at *1-2 (W.D.N.Y. June 29, 1992) (citing pre-2011 amendment cases); *Constantini v. Guardian Life Ins. Co. of Am.*, 859 F. Supp. 89, 90 (S.D.N.Y. 1994) (discussing "separate claim not independently within federal jurisdiction"); *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 78 (D. Conn. 1998) (discussing "separate claim . . . not independently within federal jurisdiction").

***Second***, even if Section 1441(c) did apply to Amtrak's removal, such removal would still require the consent of Defendant California. Section 1441(c) requires the consent of all "defendants against whom a claim [subject to federal-question jurisdiction] has been asserted." 28 U.S.C. § 1441(c)(2). Here, as explained above, claim 5 is both subject to the Court's federal-question jurisdiction and asserted against, *inter alia*, Defendant California. Thus, Section 1441(c) would (if it applied) require the consent of Defendant California.

In an attempt to waive away this inconvenience, the Opposing Defendants claim, without support, that the wrongful death claim (*i.e.*, claim 5) "is functionally a negligence claim" (*i.e.*, claim 1, which is not asserted against Defendant California). Opposition at 5. But "functional[]" equivalence does not justify ignoring the clear dictates of Section 1441(c), and the two claims are nevertheless distinct. *See, e.g.*, *Arroyo v. Plosay*, 225 Cal. App. 4th 279, 289-299 (2d Dist. Div. 4 2014) (separately analyzing wrongful death and negligence claims).

In sum, regardless of whether Section 1441(c) of the removal statute applies (and the Court holds that it does not), Amtrak was required to obtain the consent of Defendant California prior to removing this action.

### C. Amtrak Was On Notice That Defendant California Had Been Served

The Opposing Defendants next argue that, "despite being reasonably diligent, Amtrak had no notice of service of any co-defendants, aside from Union Pacific," thereby excusing Amtrak from obtaining those co-defendants' consents. *See* Opposition at 6-8. Amtrak is correct that if,

7

after exercising reasonable diligence, a removing defendant lacks notice that any co-defendants were properly served, the removing defendant need not obtain the consent of those properly served co-defendants before removing an action. *See, e.g.*, *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1087-89 (E.D. Cal. 2007) (removal permitted where removing defendant did not first obtain consent of properly served co-defendants but had exercised "reasonable diligence" and nevertheless failed to determine co-defendants had been properly served).

Courts are split on the level of diligence necessary for this exception to the consent requirement to apply:

> There is conflicting authority concerning "the extent of a removing defendant's duty to ascertain whether co-defendants have been served at the time the notice of removal is filed. . . . [M]any courts require the consent of served co-defendants, regardless of the filing of proofs of service, and they find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants. . . . Other courts allow removing defendants to rely on the state court docket for filed proofs of services."

*Vargas v. Riley*, No. 18-cv-00567-JST, 2018 WL 2267731, at *3 (N.D. Cal. May 17, 2018) (citation omitted).

But once a removing defendant has notice that a co-defendant has been properly served, the level of diligence exercised is irrelevant—they <u>must</u> obtain that co-defendant's consent before removing an action. *See Chandler v. Whiting Oil & Gas Corp.*, No. 16-cv-00161-BLG, 2017 WL 3131108, at *2 (D. Mont. June 19, 2017) ("[F]or this [reasonable diligence] exception to apply the removing defendants must lack constructive notice of service on other defendants . . . ." (citation omitted)), *report and recommendation adopted*, 2017 WL 3172752 (D. Mont. July 24, 2017); *see, e.g.*, *AGI Publ'g, Inc. v. HR Staffing, Inc.*, No. 12-cv-00879-AWI, 2012 WL 3260519, at *5 (E.D. Cal. Aug. 8, 2012) ("[Removing defendant] cannot avail itself of the [reasonable diligence] exception because there is evidence that [removing defendant] had knowledge that at least one co-defendant had been served at the time the removal notice was filed."). Further, regardless of the level of diligence exercised, "a notation in the state docket would be sufficient to provide the [removing defendant] notice that a co-defendant had been served." *Vargas*, 2018 WL

8

2267731, at *3.

Here, Amtrak concedes that it checked the state-court docket on June 6, 2023, prior to filing its notice of removal, and does not expressly deny that the state-court docket contained entries for proofs of service filed by Plaintiffs. *See* Opposition at 6-7. Plaintiffs unquestionably filed their proofs of service on June 1 and 2, 2023. *See* Dkt. 8-1 at Ex. 8 (printout of state-court docket listing proofs of service as filed on June 1 and 2, 2023). There is no reason, therefore, to doubt that the entries for those proofs of service would have been visible to Amtrak when it checked the docket on June 6, 2023. *See* Dkt. 19-1 ¶ 5 ("On June 6, 2023, I consulted the Monterey County Superior Court online docket in the state court case."). Indeed, counsel for Amtrak tiptoes around definitively asserting that they did not see any filed proofs of service when they checked the docket, and instead cryptically claims that the "docket did not reveal which defendant(s), if any, had been served."[3] *Id.* The Court therefore understands that when Amtrak checked the state-court docket, it would have seen entries for the proofs of service filed by Plaintiffs. *See also Moore-Thomas*, 553 F.3d at 1244 ("[A]ny doubt about the right of removal requires resolution in favor of remand." (citation omitted)). Thus, Amtrak was on notice that other parties had been served and was required to inquire into the identities of these served parties, and if it turned out those served parties were its co-defendants, to obtain those co-defendants' consents prior to removing the action. *See Chandler*, 2017 WL 3131108, at *2; *AGI*, 2012 WL 3260519, at *5.

Whether Amtrak engaged in sufficiently reasonable diligence after checking the state-court docket is accordingly irrelevant, but the Court is nevertheless impelled to comment on Amtrak's failure to engage in any further inquiry. Because "the online docket did not permit the downloading of filed documents, and it did not show who had been served with the summons and complaint," Amtrak filed its notice of removal without obtaining any other Defendant's consent. Opposition at 6. That is inexcusable. At the very least, Amtrak should have contacted (1) the

---

[3] The state-court docket contains entries for filed proofs of service, but those entries do not identify the individuals or entities served. *See* Dkt. 8-1 at Ex. 8.

court to request copies of the filed proofs of service, (2) Plaintiffs' counsel to request copies of the filed proofs of service[4] and (3) (if it had the necessary contact information) its co-defendants to inquire whether they had been served. *See, e.g.*, *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *4 (N.D. Cal. June 5, 2019) (removing defendant "reasonabl[y] . . . expect[ed] . . . to contact the other defendants immediately before filing the removal notice to confirm they had not been served"); *Sangco v. Carfax, Inc.*, No. 12-cv-04305-RS, 2012 WL 4514124, at *2 (N.D. Cal. Oct. 1, 2012) ("Proper due diligence would have led counsel to contact plaintiff's counsel or defendant McGrorty himself to inquire as to whether defendant McGrorty had been properly served."); *Beltran*, 2009 WL 585880, at *3 (where removing defendant took no steps to determine whether co-defendants had been served, beyond calling court to inquire whether proofs of service had been filed, removing defendant "failed to exercise due diligence"). Despite the Opposing Defendants' protests, the Court does not find these acts of diligence to constitute "an unreasonable burden on a removing defendant." Opposition at 8.

The Opposing Defendants' authorities do not compel a different result (*see* Opposition at 7-8):

- In *Milstead Supply Company v. Casualty Insurance Company*, 797 F. Supp. 569 (W.D. Tex. 1992), when the removing defendant checked the state-court docket, "no return of service had been filed." *Id.* at 573. Here, in contrast, at the time Amtrak checked the state-court docket, Plaintiffs had already filed proofs of service for Defendants, thereby putting Amtrak on notice that other parties had been served.

- In *Laurie v. National Railroad Passenger Corporation*, No. 01-cv-06145-JF, 2001 WL 34377958 (E.D. Pa. Mar. 13, 2001), Amtrak "checked the docket repeatedly, and called the Office of the Prothonotary on more than one occasion to learn whether a proof of service had been filed but not yet docketed." *Id.* at *1. Here, however, the proofs of service had already been filed on the state-court docket when Amtrak checked the docket, and Amtrak

---

[4] Indeed, Amtrak did eventually contact Plaintiffs' counsel to request copies of the filed proofs of service, but only <u>after</u> Amtrak filed its notice of removal. *See* Reply at 3 n.1.

engaged in no further inquiry (like calling the court, as it did in *Laurie*).

### D. California Is Not A Sham Or Fraudulently Joined Defendant

The Opposing Defendants argue in the alternative that they did not need to obtain the consent of Defendant California, because Plaintiffs named California as a "sham or fraudulent[]" defendant that "need not join in the notice of removal."[5] *See* Opposition at 8-13; *see also Riemer v. Johnson & Johnson*, No. 06-cv-02580-JW, 2006 WL 8459718, at *2 (N.D. Cal. June 22, 2006) ("However, nominal, sham or fraudulently joined defendants are disregarded and need not join in the notice of removal." (citation omitted)). Fraudulent joinder occurs where a "plaintiff fails to state a cause of action against a . . . defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

> [T]here is a " 'general presumption against [finding] fraudulent joinder,' " which . . . imposes a particularly heavy burden on the defendant to prove. A defendant may establish fraudulent joinder by showing . . . that the plaintiff failed to state a claim . . . . [T]he action must be remanded if there is <u>any possibility</u> that a state court would find that the plaintiff stated a cause of action . . . .

*Healy v. FCA US LLC*, No. 20-cv-01802-JD, 2020 WL 3868799, at *2 (N.D. Cal. July 9, 2020) (emphasis added) (citations omitted). In analyzing fraudulent joinder, the Court may consider "summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). Further, "all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor." *Leedy v. Bristol-Myers Squibb Co.*, No. 16-cv-07269-JST, 2017 WL 1435885, at *2 (N.D. Cal. Apr. 24, 2017).

Here, the Opposing Defendants insist that Defendant California could not possibly be liable for Plaintiffs' claims, because Defendant California did not "own or control" the property where Decedent's accident occurred. *See* Opposition at 8-9, 12. In support of this proposition,

---

[5] Although the Opposing Defendants apply this argument to Defendants California, Monterey and King, the Court addresses this argument with respect to Defendant California only, because Defendants Monterey and King have consented to removal. *See* Section III.A, *supra*.

11

they submit two pieces of evidence:

- A declaration from their own counsel, which recounts phone and email conversations with counsel for Defendant California in which counsel for Defendant California "stated that the accident at issue did not occur on or near any State property, and the State does not own, operate or control any property anywhere near the private crossing where this incident occurred." Dkt. 19-1 ¶ 4.
- Excerpts from the California Highway Patrol report concerning Decedent's accident in which the reporting officer identifies the train tracks as "Union Pacific Railroad train tracks" and a nearby road on which Decedent drove prior to the accident as a "private property dirt road." *See* Opposition at 9-10; Dkt. 19-1 ¶ 2. Based on these excerpts[6] from the report, the Opposing Defendants aver that the train tracks were indeed owned by Defendant Union and the nearby road was indeed privately owned (*i.e.*, neither were owned by Defendant California). *See* Opposition at 9-12.

The Court declines to resolve the factual dispute of ownership or control on the basis of such conclusory, hearsay statements alone. *Cf. Scramoge Tech. Ltd. v. Apple, Inc.*, No. 22-cv-03041-JSC, 2023 WL 3168322, at *2-3 (N.D. Cal. Apr. 17, 2023) (declining to consider hearsay evidence at summary-judgment stage); *Negus v. Abbott Critical Care*, No. 94-cv-20112-RMW, 1994 WL 721597, at *3 (N.D. Cal. Dec. 21, 1994) (court will not consider declarations "includ[ing] conclusory allegations unsupported by factual data" at summary-judgment stage).

Because the Opposing Defendants have not presented any probative or admissible evidence, they have not met their "particularly heavy burden" (*Healy*, 2020 WL 3868799, at *2) in proving Plaintiffs fraudulently joined Defendant California in this action. They were therefore not

---

[6] Because of privacy concerns, the Opposing Defendants did not submit whole copies of the report in filing their Opposition, and instead offered to file the report under seal at the Court's request. *See* Opposition at 9 n.4. While it is unclear whether portions of the report outside of the excerpts presented in the Opposition would bolster the Opposing Defendants' position, if the Opposing Defendants believed some un-excerpted portions of the report contained relevant evidence, they should have filed those portions in connection with the Opposition (even if that necessitated doing so under seal). The Court trusts litigants to marshal forth their strongest arguments and evidence and will consider <u>only</u> those arguments and evidence presented.

excused from obtaining Defendant California's consent prior to removing this action.

* * *

In sum, Amtrak failed to obtain Defendant California's consent prior to removing this action, and such failure is not subsequently excused. Remand of this action is therefore warranted.[7]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **REMANDS** this action to the Superior Court of California for the County of Monterey. The pending motions to dismiss (Dkts. 24, 40) are **TERMINATED** as moot.

**SO ORDERED.**

Dated: September 25, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

---

[7] Because the Court finds that Amtrak's procedural failure to obtain Defendant California's consent warrants remand, it does not address the Opposing Defendants' final argument that "some of plaintiff's claims are preempted by federal law and this litigation will require the interpretation of federal statutes and regulations." Opposition at 13.